UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
FRANK RIVERA,

               Plaintiff,

     -against-

CITY OF NEW YORK; SCHOOL SAFETY AGENT
JARLEN HUDSON, in his individual and official
capacities; SCHOOL SAFETY AGENT STEVEN
ADAMS, in his individual and official capacities;

               Defendants.
---------------------------------------------------------------x

No. 14 CV 2899 (RMB) (AJP)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff Frank Rivera, by his attorneys Kramer Levin Naftalis & Frankel LLP, as and for his complaint, alleges as follows:

## NATURE OF ACTION

       1.     This action arises out of Defendants' actionable conduct in connection with the false arrest and illegal detention of Plaintiff Frank Rivera by Agents of the New York City Police Department ("NYPD") School Safety Division.

       2.     Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

## JURISDICTION AND VENUE

       3.     This action is authorized by 42 U.S.C. § 1983. Subject matter jurisdiction for Plaintiff's federal claims rests upon 28 U.S.C. §§ 1331 and 1343(a)(4). This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as this is a district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## PARTIES

Plaintiff

6. Plaintiff Frank Rivera is twenty years old. Frank was enrolled as a student at Grace Dodge Career and Technical Education High School in the Bronx. At all relevant times, Frank was enrolled in public schools operated by the New York City Department of Education.

Defendants

7. Defendant City of New York (referred to at times as the City) is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. The City has established and maintains the NYPD and the New York City Department of Education as constituent departments or agencies of the City.

8. Defendant School Safety Agent Jarlen Hudson is an employee of the NYPD School Safety Division and/or was an employee of the NYPD School Safety Division at all relevant times. He is sued here in his official and individual capacities.

9. Defendant School Safety Agent Steven Adams is an employee of the NYPD School Safety Division and/or was an employee of the NYPD School Safety Division at all relevant times. He is sued here in his official and individual capacities.

KL3 2985313.1

## FACTUAL ALLEGATIONS

10. Frank Rivera is twenty years old and was enrolled as a student at Grace Dodge Career and Technical High School in the Bronx. On December 12, 2011, Frank was unlawfully arrested and physically assaulted by members of the NYPD School Safety Division.

11. At approximately 11:45 a.m. that day, Frank's teacher reported a dispute in Frank's science class. School Safety Agents Jarlen Hudson and Steven Adams, accompanied by a dean, responded to the report and entered the classroom. When they entered the room, they saw Frank talking to the teacher.

12. The two School Safety Agents began interrogating Frank, and demanded that he produce his school identification. Frank told School Safety Agent Hudson that his identification was in the dean's office, but the two School Safety Agents refused to investigate his explanation.

13. The two School Safety Agents ordered Frank out of the classroom and followed him into the hallway. Frank told the School Safety Agents that he was going to his next class and began walking towards the classroom. School Safety Agent Adams suddenly stepped in front of Frank and swung his arm sideways so that Frank inadvertently walked into the Agent's outstretched arm. School Safety Agent Adams then accused Frank of intentionally touching an agent.

14. School Safety Agent Adams continued to block Frank's path and told him that he would have to find a different route to class. Frank turned around and found School Safety Agent Hudson standing directly in front of him, preventing him from walking down the hall. The two School Safety Agents ordered Frank to walk to the stairwell.

15. Frank began walking to the stairwell and School Safety Agents Hudson and Adams followed him into the stairwell. As Frank was walking down the stairs, one of the School

Safety Agents grabbed his head from behind and pushed his face into the wall, injuring his cheek and causing his lip to bleed. Frank yelled in pain and held his bleeding lip.

16.     As Frank held his bleeding lip, one of the School Safety Agents accused him of resisting arrest and forced him to the ground. One of the School Safety Agents pushed Frank's head into the ground while the other grabbed and twisted Frank's arms behind his back and placed him in handcuffs.

17.     The School Safety Agents forcibly escorted Frank down five flights of stairs and into a security room where they instructed Frank to sit. After about five minutes, a dean entered the room, sat down, and asked Frank to explain what had happened.

18.     Frank immediately asked the dean to remove the handcuffs, but the dean said that he did not have a key and that only the police could unlock the handcuffs.

19.     Frank then tried to describe to the dean his interactions with the School Safety Agents. As soon as he started talking, School Safety Agents Hudson and Adams told him not to say anything. The two School Safety Agents grabbed Frank's arms and dragged him out of the school building.

20.     Frank was transported to the 48th Precinct and placed in a holding cell at approximately 1:00 p.m. Frank asked to call his mother and informed police officers at the precinct that he needed his daily medication and medical treatment for his lip.

21.     Frank was held at the precinct until approximately 6:30 p.m. During more than five hours at the precinct, he was not given Miranda warnings, told of any charges against him, or allowed to speak to his mother, who was in the lobby of the precinct.

22. At approximately 6:30 p.m., Frank was transferred to Central Booking, where he was finally able to speak with his mother, though it was by telephone. Frank remained in a cell at Central Booking overnight.

23. Throughout that night and the next day, Frank's mother tried to obtain information about her son from the school, the 48th Precinct, and Central Booking, but no one would give her any information, and she was not able to find out why her son was in jail or what charges her son was facing.

24. The next day at about 10:00 p.m., approximately 34 hours after Frank was removed from school, he was released from Central Booking without any explanation. Throughout the entire day and a half Frank was detained, he was never brought before a judge.

25. According to the District Attorney's Affidavit in Support of Declining Prosecution, Frank "did not engage in a [sic] fighting or in a violent, tumultuous, or threatening behavior." The Affidavit, prepared by an assistant district attorney, states that the District Attorney would not have been able to establish beyond a reasonable doubt that Frank had "engaged in any arrestable conduct."

26. After his release, Frank returned to school. The school did not impose any disciplinary action as a result of the incident.

27. Frank returned to school, but feared that School Safety Agents or armed School Safety Division police officers would physically attack him.

28. Upon information and belief, the City knew that School Safety Agents had exhibited a pattern and practice of unlawfully using force and restraining students without legal justification.

29. Upon information and belief, the City exhibited gross negligence and deliberate indifference to the likelihood that the School Safety Agents would cause Frank harm by failing to provide adequate training to School Safety Agents regarding the appropriate use of force and mechanical restraints to be applied to students and by failing to properly supervise defendant School Safety Agents.

30. Frank and his mother filed a notice of claim with the Comptroller of the City of New York with respect to this incident on March 8, 2012. More than thirty days have elapsed since service of that filing, and the City has made no attempt to adjust or pay the claim.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: UNLAWFUL SEIZURES AND ARRESTS IN VIOLATION OF THE FEDERAL CONSTITUTION

31. Plaintiff incorporates herein by reference Paragraphs 1 through 30.

32. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable pursuant to 42 U.S.C. § 1983 for unreasonably seizing and unlawfully arresting Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendant City of New York is liable pursuant to 42 U.S.C. § 1983 for maintaining a policy, practice, and custom of unreasonably seizing and unlawfully arresting New York City public middle school and high school students absent probable cause of criminal activity, and for failing to adequately provide supervision and training, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CAUSE OF ACTION: EXCESSIVE FORCE IN VIOLATION OF THE FEDERAL CONSTITUTION

34. Plaintiff incorporates herein by reference Paragraphs 1 through 33.

KL3 2985313.1

35. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable pursuant to 42 U.S.C. § 1983 for using excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendant City of New York is liable pursuant to 42 U.S.C. § 1983 for maintaining a policy, practice, and custom of using excessive force against New York City public middle school and high school students, and for failing to adequately provide supervision and training, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

THIRD CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS

37. Plaintiff incorporates herein by reference Paragraphs 1 through 36.

38. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

39. Defendant City of New York is liable pursuant to 42 U.S.C. § 1983 for maintaining a policy, practice, and custom of committing abuses against New York City public middle school and high school students that shocks the conscience, and for failing to adequately provide supervision and training, in violation of the Fourteenth Amendment to the United States Constitution.

FOURTH CAUSE OF ACTION: UNLAWFUL SEIZURES AND ARRESTS IN VIOLATION OF THE NEW YORK STATE CONSTITUTION

40. Plaintiff incorporates herein by reference Paragraphs 1 through 39.

41. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable pursuant to Article I §12 of the New York Constitution for the unreasonable seizure and unlawful arrest of Plaintiff.

42. Defendant City of New York is liable for the unreasonable seizures and unlawful arrests of New York City public middle school and high school students in violation of Article I §12 of the New York Constitution.

### FIFTH CAUSE OF ACTION: FALSE ARRESTS IN VIOLATION OF NEW YORK STATE LAW

43. Plaintiff incorporates herein by reference Paragraphs 1 through 42.

44. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable for the false arrest of Plaintiff in violation of New York State law.

45. Defendant City of New York is liable for the false arrest of New York City public middle school and high school students in violation of New York State law.

### SIXTH CAUSE OF ACTION: ASSAULT AND BATTERY IN VIOLATION OF NEW YORK STATE LAW

46. Plaintiff incorporates herein by reference Paragraphs 1 through 45.

47. Defendants School Safety Agent Hudson and School Safety Agent Adams are liable for the assault and battery of Plaintiff.

48. Defendant City of New York is liable for the assaults and batteries of New York City public middle school and high school students in violation of New York State law.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief and judgment as follows:

Awarding compensatory damages in favor of Plaintiff for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, against the individual defendants and the City of New York, jointly and severally. Awarding punitive damages in favor of Plaintiff for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, against the individual defendants, jointly and severally. Awarding the cost of the

suit herein, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. Granting any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues properly triable by jury.

Dated: September 2, 2014
       New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:   /s/ Jade A. Burns

Jade A. Burns (jburns@kramerlevin.com)
Philip Ellenbogen (pellenbogen@kramerlevin.com)
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

*Counsel for Plaintiff Frank Rivera*

KL3 2985313.1